IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMIRHOSSEIN DARGAHIFADAEI, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| *v.* | § § | CIVIL NO: 3-12-CV-01942-K |
| JOHN KERRY, U.S. SECRETARY OF STATE, et al., | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER Opinion and Order

Before the Court is Defendants' Motion to Dismiss (Doc. No. 24). The Court has considered Defendants' Motion, the parties' briefing, the evidence submitted by the parties and the applicable law. The Court hereby **GRANTS** Defendants' Motion to Dismiss (Doc. No. 24). Judgment will be entered by separate order. *See* Fed. R. Civ. P. 58.

### I.    Factual Background

This dispute arises from the denial of two visa applications. Plaintiff Amirhossein Dargahifadaei ("Dargahifadaei" or "Plaintiffs") is a citizen of Iran. Plaintiff SPRA Corporation ("SPRA" or "Plaintiffs") is an American citizen, based in Texas, with whom Dargahifadaei is an investor and shareholder. Dargahifadaei wished to have greater oversight of SPRA and to work directly with the corporation in America. Therefore, on October 7, 2010 Dargahifadaei applied for an E-2 treaty

investor visa based on the Treaty of Friendship and Commerce between the United States and Iran at the Consulate General of the United States in Dubai, United Arab Emirates.

Consular officers denied Dargahifadaei's E-2 visa application. The basis for the consular officers' decision was INA § 214(b), 8 U.S.C. § 1184(b), for Dargahifadaei's failure to demonstrate trader/investor status eligibility under INA § 101(a)(15)(E), 8 U.S.C. § 1101(a)(15)(E). The Foreign Affairs Manual requires that an alien seeking treaty investor status must not be investing in a marginal enterprise solely for the purpose of earning a living. Consular officers stated that Dargahifadaei failed to meet this marginality requirement.

On December 29, 2011, Dargahifadaei again applied for an E-2 treaty investor visa. Consular officers denied the application under INA § 214(b), 8 U.S.C. § 1184(b), for failure to demonstrate trader/investor status eligibility under INA § 101(a)(15)(E), 8 U.S.C. § 1101(a)(15)(E). Specifically, the consular officers denied Dargahifadaei's application for failure to establish the specific period of time that Dargahifadaei would remain the United States.

Plaintiffs now seek judicial review of these determinations.

## II.   Defendants' Motion to Dismiss

Defendants filed this Motion to Dismiss (Doc. No. 24). Defendants argue that the Court does not have subject-matter jurisdiction to review Plaintiffs' claims pursuant to Rule 12(b)(1) because the doctrine of consular non-reviewability

precludes judicial review of decisions of United States consuls on visa matters. Defendants also contend, among other arguments, that Plaintiffs fail to state a cognizable claim, as required by Rule 12(b)(6), under the First Amendment because SPRA does not have a First Amendment right to "hear, speak, and debate" with Dargahifadaei in person. The Court agrees with Defendants that Plaintiffs' First Amended Complaint is deficient because the Court lacks subject-matter jurisdiction to review Plaintiffs' claims and because the complaint fails to state a claim upon which relief can be granted.

A.   **Rule 12 Legal Standards**

Under Fed. R. Civ. P. 12(b)(1), a case must be dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996)). A court must accept all factual allegations in the plaintiff's complaint as true. *HeereMac Vof*, 241 F.3d at 424 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981)).

The burden of establishing subject-matter jurisdiction in federal court is on the party seeking to invoke it. *See Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002). Accordingly, Plaintiffs must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) (citations omitted).

Rule 12(b)(6) requires a plaintiff to plead enough facts to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained that the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*¸550 U.S. 544, 555 (2007). To meet this burden, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. Dismissal of a complaint is appropriate where a party fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b)(6).

When considering a Rule 12 (b)(6) motion, the Court accepts as true all facts pleaded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, unlike well-pleaded facts, conclusions are not entitled to the presumption of truth. *Id.* The Court takes a two-step approach. First, the Court may choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See id.* Second, the Court uses the remaining well-pleaded facts, and assuming their veracity, determines whether those facts plausibly give rise to an

entitlement to relief. *Id.* at 678–679. Plausibility does not require facts showing a probability that the plaintiff will prevail. *Twombly*, 550 U.S. at 556.

### B. Defendants' 12(b)(1) Motion to Dismiss

Plaintiffs argue that Defendants violated the Foreign Affairs Manual procedurally and substantively. Plaintiffs also contend that the doctrine of consular non-reviewability does not preclude judicial review of a statutory denial of a visa when challenged through the Administrative Procedure Act ("APA"). Defendants respond that Plaintiffs' claims are exempt from judicial review under the doctrine of consular non-reviewability and that the APA does not undercut the non-reviewability of consular-visa decisions by federal courts.

#### 1. Application of Consular Non-Reviewability

The United States Court of Appeals for the Fifth Circuit has explained that "the denial of visas to aliens is not subject to review by the federal courts." *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir.1987) (per curiam) (citing *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972)). Non-reviewability by courts exists in recognition of the congressional authority that provides consular officers the power to grant or deny alien visas. *Aggarwal v. Sec. of State*, 951 F.Supp. 642, 647–48 (S.D. Tex. 1996), *aff'd, Aggarwal v. Albright*, 124 F.3d 193 (5th Cir. 1997). The Fifth Circuit has consistently held that federal courts must defer to this consular discretion. *See Centeno*, 817 F.2d at 1213–14; *see also Aggarwal,* 951 F.Supp. at 647.

The Fifth Circuit has specified that, if a visa application is denied under 8 U.S.C. § 1184(b), then consular non-reviewability precludes *any* review by a federal court. *Centeno*, 817 F.2d at 1213–14 (emphasis added); *see also Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 735 (S.D. Tex. 2009) (explaining that district court lacked subject-matter jurisdiction to review denial of visa application for all of plaintiff's claims). Here, Dargahifadaei's visa applications were denied under 8 U.S.C. § 1184(b) for Dargahifadaei's failure to demonstrate trader/investor status eligibility. Thus, application of consular non-reviewability prevents the Court from exercising subject-matter jurisdiction over Plaintiffs' claims that Defendants substantively violated the Foreign Affairs Manual in rendering its decisions on the visa applications.

Plaintiffs' procedural claim under the Foreign Affairs Manual is similarly barred. Here, Plaintiffs complain of the manner in which the consular officers refused Dargahifadaei's visa applications. However, 22 C.F.R. § 42.81 only requires a consular officer to render a final decision in either issuing or refusing the visa application. *See* 22 C.F.R. § 42.81. That ministerial task was accomplished as Plaintiffs indicate in their First Amended Complaint: the consular officers ultimately refused both of Dargahifadaei's visa applications and so notified him of those decisions. The doctrine of consular non-reviewability prevents the Court from correcting the manner of refusal because "the judiciary will not interfere with the visa issuing process." *Kummer v. Shultz*, 578 F. Supp. 341, 342 (N.D. Tex. 1984) (citing *Kleindienstl*, 408 U.S. 753 (1972)) (explaining that district court had no power to

compel how quickly and diligently visa applications were granted or denied); *see also Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006) (explaining that the doctrine of consular non-reviewability precludes *every* type of claim except constitutional ones) (emphasis added).

Plaintiffs argue that despite the doctrine of consular non-reviewability, the Court maintains subject-matter jurisdiction through the APA. The APA authorizes suit by a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. However, the APA does not permit review of discretionary decisions by agencies. *See Perales v. Casillas*, 903 F.2d 1043, 1047 (5th Cir.1990).

The action at issue in this case – the issuance of visas – "has long been an area of legislative discretion in which courts have determined they do not have the authority to intervene." *Kummer*, 578 F.Supp. at 341–42. The APA cannot circumvent the non-reviewability of consular decisions on visa applications. *See Perales*, 903 F.2d at 1047; *see also Aggarwal*, 951 F.Supp. at 648, *aff'd, Aggarwal*, 124 F.3d 193. Exercising jurisdiction over such decisions, even when suit is brought under the APA, would violate the well-established doctrine of consular non-reviewability. *Pedrozo*, 610 F. Supp. 2d at 735 (citations omitted). Therefore, application of consular non-reviewability prevents the Court from exercising subject-matter jurisdiction over Plaintiffs' claims under the APA.

Because the Court lacks subject-matter jurisdiction to review Plaintiffs' claims under the Foreign Affairs Manual and the APA, the Court agrees with Defendants that those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### C.   Defendants' 12(b)(6) Motion to Dismiss

Plaintiffs argue that their complaint should not be dismissed because consular non-reviewability does not preclude judicial review of constitutional claims. Defendants respond that Plaintiffs' complaint fails under Rule 12(b)(6) because it does not state a plausible claim for relief.

Dargahifadaei, as an un-admitted and nonresident alien, had no constitutional right of entry to this country, as a nonimmigrant or otherwise. *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972).  However, SPRA, as an American citizen and sponsor of Dargahifadaei's visa application, could have a vested First Amendment interest in hearing, speaking, and debating with Dargahifadaei in America. *See id.*  Thus, the issue in this case turns on whether SPRA's First Amendment rights mandate overturning the consular officers' denial of the visa applications. *Id.*

The Supreme Court held that when the Executive Branch, here the consular officers, exercise the power to deny non-immigrant visa applications on the basis of a facially legitimate and bona fide reason, "the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant."

*Id.* at 770. In *Mandel,* the Supreme Court found that the Attorney General's decision to deny a waiver for a visa application was facially legitimate and bona fide when the basis for the denial was prior abuses of waivers by the applicant. *Id.* at 769. Thus, the Court concluded that it would not review the Attorney General's decision. *Id.* at 769–70.

Courts have accepted at least two bases for determining whether a decision is facially legitimate and bona fide. A decision is facially legitimate and bona fide when consular officers provide a valid, statutory basis for the denial of the application, unless the plaintiff makes an allegation of bad faith "sufficient to withstand dismissal." *Bustamante v. Mukasey*, 531 F.3d 1059, 1062–63 (9th Cir. 2008); *see also Udugampola v. Jacobs*, 795 F. Supp. 2d 96, 106 (D.D.C. 2011) *appeal dismissed*, 11-5215, 2011 WL 5903822 (D.C. Cir. Nov. 17, 2011). Alternatively, when consular officers deny an application for reasons unrelated to the content of the applicant's speech, the denial is facially legitimate and bona fide. *See, e.g., Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 415 n.17 (S.D.N.Y. 2006). Both analyses demonstrate that Plaintiffs have failed to plead a First Amendment violation that survives a Rule 12(b)(6) motion to dismiss.

Consular officers denied Dargahifadaei's applications pursuant to a statutory basis. Dargahifadaei's applications were specifically denied under 8 U.S.C. § 1184(b) for failure to demonstrate trader/investor status eligibility under INA § 101(a)(15)(E), 8 U.S.C. § 1101(a)(15)(E). 8 U.S.C. § 1184(b) provides that all

aliens seeking entry into the United States will be presumed immigrants unless they establish "to the satisfaction of the consular officer" that they are entitled to nonimmigrant status. 8 U.S.C. § 1184(b). The consular officers' denial of Dargahifadaei's applications for their failure to satisfy this statutory requirement is facially legitimate. Further, the decision is bona fide since it is statutorily-based, and Plaintiffs did not plead with particularity any allegations of bad faith. *See Bustamante*, 531 F.3d at 1062–63. Because the officers' decision is facially legitimate and bona fide, Plaintiffs' constitutional claims do not fit into the narrow, constitutional exception to consular non-reviewability. *See Bustamante*, 531 F.3d at 1062 (affirming district court's dismissal of complaint challenging denial of visa application when the basis for denial was founded in a statutory provision).

Further, the Supreme Court's analysis in *Mandel* establishes that "a facially legitimate and bona fide reason means any constitutionally permissible reason." *See Chertoff*, 463 F. Supp. 2d at 415 n.17; *cf. Mandel*, 408 U.S. at 769 (finding denial of visa application was facially legitimate and bona fide when the decision did not impermissibly infringe on constitutional guarantees). In the context of the First Amendment, this would mean a consular officer's decision is constitutional if it is unrelated to the content of the applicant's speech. *Chertoff*, 463 F. Supp. at 415 n.17.

Plaintiffs have not sufficiently pled that the denials were related to the content of the speech that Dargahifadaei wished to have with SPRA. Plaintiffs merely state that SPRA was deprived of its First Amendment right to "hear, speak, and debate"

with Dargahifadaei. Plaintiffs fail to assert that the reason for this deprivation was in any way related to the content of the speech that Dargahifadaei wished to have with SPRA. Because Plaintiffs have not pled any facts indicating that the denials of the applications were related to the content of the speech between the Plaintiffs, the denials are facially legitimate and bona fide. *See id.* Plaintiffs' constitutional claims are not plausible, so their claims are properly dismissed under Rule 12(b)(6).

Accordingly, the Court finds that Plaintiffs have failed to adequately state a claim for relief under Rule 12(b)(6).

## III. Conclusion

The Court **DISMISSES** Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed April 15th, 2013.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE